Johnson, J.
delivered the opinion of ¿he Court.
Several grounds have been urged h support of the motion for a new trial in this <ase; but the only one which the Court have tiought proper to consider, is that which relate? to the want of privity of contract between theparties to this action, as from the result of thor delibei'ations on that question, the whole object of the motion will be attained.
In all actions founded on contract, there must be some connexion or privity, as to the subject matter of the action, between the parties to it, or the action cannot be maintained. It is not always necessary that there should be directly such a relationship, if I may so express it, for it *351 is sufficient if they are united by legal implication, and this implication is extended sufficiently * ■ , T far to answer all the purposes of justice. It remains, therefore, to be inquired, whether there is, or is not, such a direct or implied connexion or privity between the parties to this action as is sufficient to charge the defendant. That there is no direct privity between them is obvious, so much so', - that it has not been pretended, and I will give the plaintiff the benefit of that most comprehensive rule, that if the defendant has received money which, ex equo et bono, he ought to pay. over to the plaintiff &c. and inquire if he comes within it.
The plaintiff’s intestate consigned to Christian & De Wolf 14 negroes, which they sold to Whatley, without taking security, and merely charged him with the amount in their account current, and at the expiration of one or two years after, on the final settlement of along account between them, they take a bond and a mortgage of 24 negroes, for the balance then due them. In this transaction alone, it appears to me, that the chain which connects the plaintiff with the negroes which were consigned to Christian & De Wolf, is broken off; for if Whalley had paid for the negroes, the plaintiff would have lost his lien upon them, and this particular contract is so amalgamated in the other dealings of the parties, that the traces of it are almost lost, and if you pursue it one step further, it wholly disappears. The de *352 fendant, without notice that this bond and mortgage had any connexion with the dealings between the plaintiff’s intestate and Christian & De it in payment of a debt which they owed him, and in effect purchased and paid for the negroes. But it is insisted that the transfer of the bond and mortgage, being by deed, was void, as coming within that rule of law which prohibits one partner from making a deed to bind his co-partner; or, in other words, that the assignment was void, because one partner cannot bind another by deed, and this seems to be the rule; but I apprehend it can only apply to the partners themselves, and not to strangers. The partner here is not the person complaining, but it is a stranger who complains that Christian has done an act to the prejudice of De Wolf, his co-partner, and I think it is time enough to hear him when he does complain.
Prioleau and Simons, for the motion.
Drayton, contra.
I am of opinion that the motion for a new trial ought to be granted.
The other Judges concurred.